**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO. 25-0148** |
| **VERSUS** | **JUDGE EDWARDS** |
| **VANESSA CROWE** | **MAG JUDGE PEREZ-MONTES** |

# MEMORANDUM RULING AND ORDER

Before the Court is a Motion for Early Termination of Supervised Release (R. Doc. 4) filed by Vanessa Crowe ("Ms. Crowe"). The Government opposed the Motion (R. Doc. 6). After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED**.

## I. BACKGROUND

On July 10, 2014, Ms. Crowe was indicted in the Middle District of Alabama by a Federal Grand Jury on one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846(a)(1) and 841(b)(1)(A) (Count One) and one count of possession with intent to distribute 50 grams or more of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. § 2 (Count Two). *See* R. Doc. 1-2 at 1–2.

On October 29, 2014, Ms. Crowe pleaded guilty to Count Two of the indictment. *See* R. Doc. 1-3 at 1. On December 7, 2015, Ms. Crowe was sentenced to 236 months of imprisonment, followed by a five-year term of supervised release. *See id*. at 2–3.

The court later reduced her sentence pursuant to 179 months 18 U.S.C. § 3582(c)(2).[1] *See* R. Doc. 1–4.

Ms. Crowe was granted presidential clemency on January 17, 2025, and as a result, she received a commutation of sentence. *See* Clemency Recipient List, 2025 WL 227610. On April 17, 2025, Ms. Crowe was placed on supervised release, which was transferred to the Western District of Louisiana on April 25, 2025. *See id*. She now moves for early termination of her term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). R. Doc. 4.

## II. LAW AND ANALYSIS

Under 18 U.S.C. § 3583(e)(1), the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release" "after considering the [relevant] factors set forth in section 3553(a)[.]"[2] The relevant factors include:

> the nature and circumstances of the offense; the history and characteristics of the defendant; the need to deter criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and sentencing range established; pertinent policy statements by the Sentencing Commission; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to any victims of the offense.

---

[1] Ms. Crowe's Motion states her sentence was reduced to 182 months, but the signed order provided to this Court as a part of the transfer of jurisdiction indicates the sentence was reduced to 179 months. *See* R. Doc. 1-4

[2] 18 U.S.C. § 3583(e)(1) specifically references § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

*U.S. v. Seymore*, No. 07-358, 2023 WL 3976200, at *1 n.1 (E.D. La. June 13, 2023). The court has "broad discretion" in this determination, *U.S. v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998), but must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Courts have generally required "special circumstances" beyond mere compliance or the passage of time. *Seymore*, 2023 WL 3976200, at *2; *see also U.S. v. Hayes*, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying early termination of supervised release because "merely abiding by the terms of his supervised release, which is the expectation for all defendants" is not an "extraordinary circumstance which would merit the termination of his supervised release."); *U.S. v. Singleton*, No. 13-248, 2020 WL 3271633, at *2 (E.D. Tex. June 17, 2020) (denying early termination because "although [defendant] provides the court with a list of commendable achievements and goals, he identifies no new or exceptional circumstances").

Here, Ms. Crowe has indicated that while on supervised release, she has "maintained stable employment, demonstrated financial responsibility, and has become a productive and law-abiding member of the community." *See* R. Doc. 4 at 1. She also "has engaged in advocacy work, using lived experiences to support and uplift individuals impacted by incarceration and reentry." *See id*. The Government "acknowledges [Ms. Crowe] has been successful [;]" however, "rather than viewing her success to date as a reason to end termination, the [Government] considers it evidence that the current approach is effective." *See* R. Doc. At 3. The United States Probation Office has informed the Court that Ms. Crowe has complied with all

conditions of her supervised release but does not recommend early termination based on her limited time under supervision.

While the Court does laud Ms. Crowe for her compliance and success while under supervised release, she has only served fifteen months of a five-year term of supervised release. Ms. Crowe has also not alleged any special circumstances that would justify her early termination. Furthermore, Ms. Crowe's special conditions of supervision include participation in a substance abuse program including testing to determine whether she has reverted to the use of drugs. *See* R. Doc. 1-3 at 4. Given the nature of her offense, her previous drug use, and the need for deterrence from future criminal conduct, the Court is not satisfied that the deterrence and rehabilitation aims of 18 U.S.C. § 3553(a) have been met by this abbreviated period of supervised release.

## III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Ms. Crowe's Motion for Early Termination of Supervised Release (R. Doc. 4) is **DENIED**.

**THUS DONE AND SIGNED** this 9th day of September, 2026.

Jerry Edwards, Jr.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**